FILED

MAR 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH L. MARTINEZ and
KRISTIN J. MARTINEZ,

          Plaintiffs/Appellants,

  v.

LINCOLN GENERAL INSURANCE
COMPANY,

          Defendant/Appellee.

No. 09-56550

D.C. No. CV07-7569-R

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manual L. Real, District Judge, Presiding

Argued and Submitted February 17, 2011
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District Judge.[**]

      This matter arises out of an underlying construction defect lawsuit in which

Joseph and Kristin Martinez (the "Martinezes") obtained a judgment against the

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for Western Michigan, Grand Rapids, sitting by designation.

contractor they hired to remodel their home, Rumreich, Inc. In the case before us, the Martinezes seek payment of that judgment from Lincoln General Insurance Co. ("LGIC") under the general liability insurance policy (the "Policy") it issued to Rumreich, Inc. The district court found in favor of LGIC on the grounds that the Martinezes had not met their burden of establishing that the Policy actually covered the relief awarded in the judgment. We reverse.

The district court concluded that the assignment granted by Rumreich, Inc.'s Chapter 7 trustee was void because any claims that arose against LGIC would be non-estate property. We disagree. First, although accruing post-petition, any claims Rumreich, Inc. held against LGIC were "sufficiently rooted in the pre-bankruptcy past" to qualify as estate property. *Segal v. Rochelle*, 382 U.S. 375, 380, 886 S. Ct. 511, 515 (1966). And second, because the Policy itself existed pre-petition and was part of the bankruptcy estate, *In re Minoco Grp. of Cos., Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986), so too were any rights Rumreich, Inc. held against LGIC under the policy. Therefore, the Martinezes were free to proceed both as assignees and judgment creditors.

The district court concluded that the burden of establishing that property damage first manifested after the Policy's effective date rests with the Martinezes. We agree. It is an element of the Policy's insuring clause (i.e., necessary to establish coverage), for which the Martinezes bear the burden, not an "exclusion" from

2

coverage, for which LGIC bears the burden. *See FMC Corp. v. Plaisted and Companies,* 61 Cal. App. 4th 1132, 1159-1160 (Cal. Ct. App.1998); *Collin v. Am. Empire Ins. Co.*, 21 Cal. App. 4th 787, 807 (Cal. Ct. App. 1994).

The district court concluded that the Martinezes had not presented any "credible evidence of the timing of the first manifestation of damages." The problem with this finding is that the district court repeatedly sustained objections to the Martinezes' counsel's attempt to introduce evidence of manifestation. Tr. 81-84, 102-105. This was prejudicial error. It *was* relevant to establish when the defects the arbitrator referenced manifested themselves to the Martinezes; the approximate dates of the Martinezes' smelling mold and noticing mildew, for example, *were* relevant to this issue.

We hold that the district court erroneously prevented the Martinezes from submitting proof on this important issue. We remand the case with instructions that the district court hear the evidence on the issue of manifestation. Furthermore, we do not limit the range of relevance to the specific questions referenced above. We emphasize to the parties and the district court that all reasonable indicia of manifestation – whether smell or other sensory perception – as it may relate to any specific or type of damage as found by the arbitrator or noted by someone else is relevant and not prejudicial. The district court must readdress the question of manifestation after hearing all of the relevant evidence on the issue.

There are other questions presented to us by the parties which should be ruled upon by the district court in the first instance.

**REVERSED AND REMANDED.**